OPINION OF THE COURT
Irene J. Duffy, J.
On February 16, 1978, a proceeding was instituted by the filing of a petition in the Family Court of Westchester County alleging acts committed by respondent on February 15, 1978, which, if done by an adult, would constitute the crime of assault in the third degree (Penal Law, § 120.00). On February 16, 1978, a finding of fact was made on the admission of the respondent to assault in the third degree, a misdemeanor. The matter was thereupon transferred to the Family Court, Bronx County for disposition, that being the county wherein respondent resided. A dispositional hearing was held on November 8, 1978. Both counsel for petitioner and counsel for respondent were heard at length and the probation department delivered to the court an extensive report which was further clarified by oral testimony. Both the court and counsel for respondent examined the probation officer to obtain a fuller explanation and expansion of certain areas of the report. The respondent’s mother was present throughout the proceeding. On September 1, 1978, prior to the actual dispositional hearing, section 756 of the Family Court Act as amended (dealing with dispositions) became effective.
The enactment of that amendment has presented to this court several novel questions of law.
The first question the court must deal with is whether or not the revised subdivision (b) of section 756 of the Family Court Act (as amd, eff Sept. 1, 1978) which provides for a maximum initial placement of one year for misdemeanor acts is applicable to the instant matter.
Subdivision (b) of section 756 as amended provides in relevant part that: "[U]pon an adjudication of juvenile delinquency after a finding that the child committed an act which, if done by an adult, would constitute a misdemeanor as defined in the penal law, such placement may be for a maximum initial period of one year.” (Emphasis added.)
This court believes the critical language of this section *672 as emphasized above clearly indicates that the Legislature intended that the misdemeanor placement limitation (which in effect reduces the period of placement) be applicable here.
Section 752 of the Family Court Act leaves no doubt that an adjudication of delinquency may only be made at the dispositional hearing when there is a judicial determination that all the allegations of the petition, as mandated by section 731 of the same act, have been established.
In this case, therefore, the actual adjudication occurred after September 1, 1978, the effective date of the amendment. Hence, the limitations regarding placement for a misdemeanor act apply to this respondent. (See People v Roper, 259 NY 170.)
The second question presented to this court is whether or not the provisions of section 756 (subd [a], par [iii], cl [1]) of the Family Court Act as amended, effective September 1, 1978, are applicable. That section allows the Family Court to authorize a direct placement of this respondent in a secure facility* without an additional administrative hearing by the Division for Youth during the first 60 days of respondent’s placement. The amendment does not state whether or not it is applicable to situations such as here where the act alleged and admitted to by respondent occurred .prior to the effective date of the statute.
The respondent argues that a direct placement into a secure facility as authorized by the Family Court at the dispositional hearing has an unconstitutional ex post facto effect. Respondent’s attorney’s argument is two-pronged. He argues first that it deprives this respondent of a substantive right which respondent had under prior law and second that it inflicts a greater punishment on this respondent.
In order to properly analyze respondent’s argument it is necessary to compare the law as it was prior to the amendment with the law as it is now.
Prior to the enactment of section 756 (subd [a], par [iii], cl [1]) on September 1, 1978, an adjudicated juvenile delinquent could be placed in or transferred into a service facility only (1) after a finding that a designated felony act had been committed and a disposition made for restrictive placement pursuant to section 753-a of the Family Court Act or (2) after a Division *673 for Youth internal hearing held pursuant to regulations of the Division for Youth. Since the matter before this court does not involve a designated felony act, we are only concerned with the second requirement, i.e., a Division for Youth hearing.
Under the old law, this respondent could not be placed directly and immediately into a secure facility (except on an emergency basis) without a separate hearing before a Division for Youth Hearing Examiner. The referral for a direct admission hearing was required to be made within seven business days from placement or as soon as practical (9 NYCRR Part 175, 9 NYCRR 175.3 under Executive Law, art 19-G, §§ 511, 515-a). The hearing examiner would consider the respondent’s previous behavior pattern for one year prior to placement and determine whether or not there was a "substantial demonstration” at the hearing showing it was "reasonable to believe that such pattern would continue in a Division for Youth open setting” (as distinguished from a "secure” setting) (9 NYCRR 175.2, 175.6).
At such a Division for Youth hearing, the "technical rules of evidence followed in a court of law” did not apply and the respondent was represented not by an attorney, but by a supervising youth service team worker from the Division for Youth (see 9 NYCRR 175.5 [e], [g]).
It is my opinion that the Legislature did not take away this right to a direct admission hearing. Instead, the Legislature merely changed the forum for this determination by providing that during the initial period of 60 days a Family Court Judge, having heard evidence regarding the respondent’s prior behavioral pattern, could provide for direct placement into a secure facility without a further Division for Youth hearing. Prior to the amendment, the Family Court had no authority to make such a determination and to grant such authority to the Division for Youth although these factors were considered at the dispositional hearing in Family Court. Of course, if the Family Court under the new law makes no such authorizing order or if 60 days elapse from the beginning of placement, respondent is entitled to his Division for Youth hearing on the question of transfer to a secure facility. By changing the forum, the Legislature merely intended to avoid a duplication of efforts by Family Court and the division hearing officer. The standards used are the same. The respondent’s argument that the primary factors evaluated at a direct admission hearing concerning adjustment at a *674 nonsecure facility, presumably after placement had been made, are not supported by a reading of the law and procedures previously applicable. Under that law, the division was required to make such referrals within "seven business days of placement or as soon as practical.” This would hardly have given the division the appropriate chance to determine whether or not adjustment in a nonsecure facility was satisfactory. Moreover, the direct admission guidelines previously applicable do not support the respondent’s argument (see 9 NYCRR 175.2, 175.3).
As to the second argument, the enactment of this section does not inflict a greater punishment.
Under both the original and amended statutes, the Division for Youth makes the ultimate decision on whether the respondent should be sent initially to a secure facility (Executive Law, § 511, subd 3). The court’s order pursuant to section 756 of the Family Court Act does not mandate the division to follow such authorizing order.
Accordingly, the court holds that section 756 of the Family Court Act, as amended and effective September 1, 1978, applies to this respondent who has been found to be in need of supervision. She is, therefore, placed with the Division for Youth, title 3, for one year and the Division for Youth is authorized to place her directly into a secure facility if that is deemed the most appropriate setting for her.

 A secure facility is one "characterized by physically restricting construction, hardware and procedures” (Executive Law, § 515-a, subd 1).