THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX HERNANDEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 20, 1977, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. "In determining the requirements of the court's charge to the jury * * * defendant is entitled to the 'most favorable view of the record' " (see *People v Steele,* 26 NY2d 526, 529). Viewing the record in the light most favorable to him, it is apparent that an instruction to the jury on the defense of justification was called for in this case (see *People v Steele, supra;* see, also, *People v Torre,* 42 NY2d 1036). The failure of the trial court to instruct the jury on this issue requires a reversal and a new trial (see *People v Steele, supra; People v Benjamin,* 47 AD2d 861). Further,

the court's charge with respect to the effect of a witness having a criminal record was inadequate (see *People v Sorge,* 301 NY 198; *People v Sandoval,* 34 NY2d 371) and prejudicial to defendant's rights. In *People v Coleman* (7 AD2d 155) the trial court erred by giving a charge containing an implicit message that, although rare, defense witnesses have been known to tell the truth. At bar, the charge suggests that two prosecution witnesses, even though they had criminal records, may (in the Trial Judge's opinion) very well have been telling the truth. The instruction, as given, was prejudicial in view of the nature and quality of the People's evidence. Hopkins, J. P., Titone, Suozzi and Cohalan, JJ., concur.