■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COLEMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 12, 1976, convicting him of three counts of attempted robbery in the first degree and one count of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Reversal and a new trial is warranted in this case because of errors in the trial court's instructions to the jury. The trial court failed to apprise the jury that the burden rested upon the People to prove every element of the offenses charged beyond a reasonable doubt (see *People v Newman,* 46 NY2d 126). The court also failed upon request of defendant's counsel to instruct the jury that in a case based upon circumstantial evidence, the evidence must be such as to exclude to a moral certainty every hypothesis of innocence (see *People v Lagana,* 36 NY2d 71). Finally, the charge on the credibility of witnesses was inadequate, and the court gave the misleading instruction that "The fact that a [prosecution witness] has a criminal record is no proof at all that he is untruthful" (see *People v Hernandez,* 67 AD2d 988). Defense counsel properly excepted to all of the afore-mentioned deficiencies in the charge. Hopkins, J. P., Damiani, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO DIAZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 8, 1976, convicting him of criminal possession of a controlled substance in the sixth degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to Criminal Term for further proceedings consistent herewith. Prior to the imposition of sentence, defendant pressed for a determination of his motion to dismiss for failure to provide a speedy trial. This motion, which was made on papers, became lost in the confusion when a suppression hearing was terminated after the prosecution moved to dismiss a higher count of the indictment subject to a plea being accepted. Criminal Term proceeded to take the plea on the erroneous assumption that a waiver of the speedy trial challenge would be encompassed in the plea bargain, which also included a waiver of a determination of the suppression motion. Prior to sentence, when defendant sought a determination of the speedy trial motion, Criminal Term held a hearing directed to the issues of waiver with respect to the speedy trial challenge and coercion with respect to the plea and, erroneously finding that the determination of the speedy trial motion had been waived when the plea was negotiated, declined to determine the motion to dismiss. Our review of this record persuades us that the speedy trial challenge improperly became an item of barter in the plea negotiation and a vacatur of the plea is thus required (see *People v Franciotti,* 55 AD2d 655). Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.