■ In the Matter of MYACUTTA A., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition of the Family Court, Bronx County, entered November 16, 1978, adjudicating appellant a juvenile delinquent and placing her in a Division for Youth Title III facility for a period of one year, unanimously reversed, on the law and the facts, without costs and disbursements, and the matter remanded for a new fact-finding hearing. At the underlying fact-finding hearing, conducted by the Family Court, Westchester County, on February 16, 1978, appellant admitted that the previous day, February 15, 1978, she had "intentionally cause[d] physical injury to Ms. [Alice] McClarty by 'scratching her about the face' and 'pulling her hair from her head.'" Ms. McClarty was an employee at the Leake & Watts Children's Home, Yonkers, where appellant resided on the date of the incident. The court found that appellant had committed acts which, if done by an adult, would constitute the crime of assault in the third degree (Penal Law, § 120.00, subd 1). Appellant claims that her adjudication as a juvenile delinquent is invalid, because (1) there was no compliance with the requirement of section 741 of the Family Court Act that "reasonable and substantial effort" be made to notify the juvenile's parent (mother) before the fact-finding hearing commenced, (2) it was improper to appoint a court officer as appellant's guardian ad litem, and (3) appellant's admission to the charge contained in the petition was not knowingly and intelligently made. We agree with appellant's claim, for the following reasons: (1) Although the name and address of appellant's mother was known to the court, the only indication in the record that an attempt was made to notify her of the hearing is the remark by appellant's Law Guardian in answer to the court's inquiry: "THE COURT: Were her parents contacted? MR. GLEASON: [Law Guardian]: They tried but could not be reached." This statement was not amplified by the Law Guardian. Nor did the court seek to elicit information from the parties as to the nature or degree of any effort made to notify appellant's mother that a hearing would be held or as to the reason, if any, the matter was rushed to hearing just one day after the incident. As conceded by respondent, the record is insufficient to demonstrate that "reasonable and substantial effort" as required by statute was made. (See *Matter of Jeffrey M.*, 62 AD2d 858, 862.) (2) The appointment of a court officer, a stranger to appellant, as guardian ad litem for appellant was improper (see *Matter of Donna H.*, 70 AD2d 521). This impropriety was not nullified by the presence of the Law Guardian on appellant's behalf. Each has a different function. One is not a substitute for the other. It is the Law Guardian's responsibility to advise appellant of her legal rights, and that of the guardian ad litem to act *in loco parentis*, that is, in place and stead of a parent. (3) After the court recited the contents of the petition, the following allocution occurred: "THE COURT: As I said to you before, you have the right not to be convicted out of your own mouth. No one can force you to make a statement. That's call *[sic]* your right against self incrimination. If you admit this petition the case will be transferred to the Bronx Family Court for final disposition. Your [Law Guardian], Mr. Gleason, will subpoena any witnesses that you want to help in your defense. Mr. Gleason have you

advised your client of these rights also?" After Mr. Gleason stated he had discussed the petition with his client and advised her of all the "ramifications", he said she would admit the allegations of the petition. Whereupon, the following exchange occurred: "THE COURT: Myacutta do you understand what your attorney has said? MYACUTTA A.: Yes. THE COURT: And do you admit this of your own free will and understanding? MYACUTTA A.: Yes. THE COURT: And no one has forced you to make this admission? MYACUTTA A.: No. THE COURT:I will accept the admission and adjudicate Myacutta A. a Juvenile Delinquent. The petition is sustained." The allocution failed to meet the requirements of due process, which mandate that a person accused of a crime have a "full understanding of what the plea connotes and of its consequence" *(Boykin v Alabama,* 395 US 238, 244). A juvenile, no less then an adult, is entitled to this protection *(Matter of Gault,* 387 US 1; *Matter of Jeffrey C.,* 81 Misc 2d 651, 654-655). Appellant, a 15 year old, in court without her mother or other familiar person to give her support (and without a valid explanation appearing for the absence of such person) was confronted by the court's recitation of the charge stated in the petition. No attempt, however, was made by the court to explain the charge in nonlegal terms. Further, the court made only superficial inquiry to ascertain whether appellant understood the nature of the charge or the consequences of her admission. The Law Guardian's statement that he advised appellant of the "ramifications" of her plea and appellant's one word affirmative response that she understood what her "attorney" said does not shed any light on the subject, as the record does not show what he told her. Respondent concedes, and we agree, that the court "did not engage in sufficiently rigorous allocution before accepting appellant's admission of guilt." Accordingly, we cannot conclude from the record that appellant's admission to the charge was knowingly and intelligently made. Concur—Murphy, P. J., Kupferman, Birns, Lupiano and Bloom, JJ. [97 Misc 2d 670.]