■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. BURKE, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered November 5, 1982, upon a verdict convicting defendant of the crime of arson in the third degree. The sole issue raised by defendant on this appeal is whether the trial court committed reversible error in denying his request to charge the jury on the law regarding cases based solely on circumstantial evidence. Resolution of this issue depends upon whether statements allegedly made by defendant to a prosecution witness are categorized as direct or circumstantial evidence. At trial, Robert Bennett, Jr., was called to testify as a witness for the People. He was asked if he remembered having any conversations with defendant concerning the fire defendant was charged with setting on April 17, 1982. Although reluctant to testify at trial and claiming that he was then unable to remember having any such conversations with defendant or being asked about such conversations when he was previously called to testify before the Grand Jury, Bennett did state at trial that any statements he might have given under oath before the Grand Jury were true and correct. Bennett's prior Grand Jury testimony was then read into evidence and indicated that Bennett had a conversation with defendant in a bar some two weeks after the April, 1982 fire. Bennett had told the Grand Jury that he asked defendant at that time "if he covered his tracks" and defendant replied "yes, there was nothing to worry about, he had left nothing behind, no one would find anything". The trial court, citing on the record to the

case of *People v Rumble* (45 NY2d 879, 880), categorized these statements made by defendant to Bennett as direct evidence and, therefore, denied defendant's request that a charge on the law regarding cases based totally on circumstantial evidence be given. It was error for the trial court to fail to give this requested charge. While the statements which are attributed to defendant are certainly probative of guilt and deserving of consideration by the jury in deciding defendant's case, they are circumstantial rather than direct in nature since they do not prove any fact directly in question (see *Pease v Smith,* 61 NY 477, 484-485; see, also, *People v Bretagna,* 298 NY 323, 325-326). Unlike the situation found in *People v Rumble (supra,* p 880), wherein the statement " 'I'm not responsible for what I did' " made by a defendant accused of killing his mother was categorized as direct evidence, defendant's statements in the instant case do not admit any act. Instead, they are indirect in nature from which the commission of a criminal act might be inferred. Since it is conceded that the remaining evidence suggesting that defendant caused the April 17, 1982 fire was circumstantial in nature, the failure to charge the jury on the legal principles applicable to circumstantial evidence cases (see *People v Benzinger,* 36 NY2d 29, 32) violated CPL 300.10 (subd 2). In the absence of overwhelming proof of defendant's guilt, this error requires reversal of defendant's conviction for arson in the third degree and a new trial is ordered (see *People v Bernardo,* 83 AD2d 1; *People v Coleman,* 70 AD2d 600). Since we deem the failure to charge the jury on the law regarding circumstantial evidence to be reversible error requiring a new trial, we believe it helpful to point out that the People committed a fundamental error in reading the Grand Jury testimony of their own witness, Robert Bennett, Jr. CPL 60.35 (subd 3) states that: "When a witness has made a prior signed or sworn statement contradictory to his testimony * * * upon a material issue of the case, but his testimony does not *tend to disprove* the position of the party who called him and elicited such testimony, evidence that the witness made such prior statement is not admissible, and such party may not use such prior statement for the purpose of refreshing the recollection of the witness in a manner that discloses its contents to the trier of the facts" (emphasis added). In *People v Fitzpatrick* (40 NY2d 44, 51-52), the Court of Appeals construed the "tend[s] to disprove" phrase in section 60.35 as requiring testimony affirmatively damaging to the People's case in order to justify impeachment of the witness by employment of sworn testimony of the witness before the Grand Jury. Here, as in *Fitzpatrick (supra),* Bennett merely testified at trial that he was unable to remember any conversations with defendant or being asked about such conversations when he was called to testify before the Grand Jury. Such testimony, which was not objected to by defense counsel, was not so intrinsically unfavorable to the People's case as to warrant the use of the Grand Jury testimony of witness Bennett. Since we are reversing the judgment on other grounds, we need not consider if the testimonial error would cause us to reverse in the interests of justice (see CPL 470.15, subd 6, par [a]). Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Kane, Main, Casey and Mikoll, JJ., concur: