■ In the Matter of CATHERINE T. O'CONNOR et al., Appellants, v JOHN L. ALFANO et al., Constituting the Zoning Board of Appeals of the City of Rye, Respondents. — Judgment of the Supreme Court, Westchester County (Isseks, J.), dated December 21, 1982, affirmed, without costs or disbursements. (Cf. *Matter of Fuhst v Foley,* 45 NY2d 441.) Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.

■ In the Matter of SCHLENA P., Appellant. — In two separate proceedings pursuant to article 7 of the Family Court Act, the appeals are from two orders of the Family Court, Queens County (Greenbaum, J., at disposition; Cohen, J. [docket number 1416/82] and Friedenberg, J. [docket number 2942/82] at fact finding), both dated December 14, 1982, which adjudged appellant to be a juvenile delinquent upon her admissions of having committed acts, which if committed by an adult, would constitute the crimes of attempted petit larceny. Orders reversed, on the law, without costs or disbursements, fact-finding determinations vacated, and proceedings remitted to the Family Court, Queens County, for new fact-finding hearings. As the Corporation Counsel candidly concedes, the allocutions conducted at the fact-finding hearings, where appellant purportedly admitted the allegations in the petitions, were grossly inadequate. In both instances, the Family Court failed to either comprehensively apprise appellant of her various constitutional and statutory rights or the consequences of a waiver thereof or to elicit any statements from her regarding the facts underlying her admissions (see *People v Gina M. M.,* 40 NY2d 595; *Matter of Lawrence S.,* 29 NY2d 206; *Matter of Randy H.,* 91 AD2d 685; *Matter of Sherman W.,* 88 AD2d 997; *Matter of Myacutta A.,* 75 AD2d 774; *Matter of John R.,* 71 AD2d 896). Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ANDINO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Aronin, J.), rendered February 24, 1982, convicting him of robbery in the first degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our view, the trial court's charge suggesting that the complaining witness may very well be telling the truth, even though he had a prior criminal record, warrants reversal in view of the nature and quality of the People's evidence (see *People v Hernandez,* 67 AD2d 988, 989; *People v Coleman,* 70 AD2d 600). In particular, we find that the trial court erred by commenting, "[i]f a jury should say that every witness whose manner or morals they may not approve, so therefore, they must not be telling the truth, then a great many of the most heinous crimes that come before juries would go unpunished" (cf. *People v Hurel,* 60 AD2d 537). We also note that the court's general charge regarding the critical issue of identification, although technically correct, should have been given in greater detail (see *People v Whalen,* 59 NY2d 273, 279; *People v Landor,* 92 AD2d 625, 626). Under the facts and circumstances in this case, we conclude that the errors warrant a new trial. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON BROOKS, Appellant. — Amended judgment of the Supreme Court, Queens County (Browne, J.), rendered April 2, 1982, affirmed. No opinion. Appeal from a judgment of the Supreme Court, Queens County (Browne, J.), rendered March 27, 1980, dismissed as untimely. A timely notice of appeal was not filed. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.