■ In the Matter of TANYA M., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order of disposition of the Family Court, Bronx County (Nason, J.), entered August 12, 1983, adjudicating appellant a juvenile delinquent and placing her with the Division for Youth, Title II, for 12 months, reversed, on the law and on the facts, and matter remanded for a new fact-finding hearing, without costs. ¶ As the Corporation Counsel concedes, there is no evidence in this record that a "reasonable and substantial effort" was made to notify appellant's parent of the fact-finding hearing (Family Ct Act, § 301.3, subd 1, par [a]; § 320.3). Therefore, the order of disposition must be reversed and a new fact-finding hearing must be held. (*Matter of Myacutta A.,* 75 AD2d 774.) Concur — Murphy, P. J., Kupferman, Sandler, Ross and Silverman, JJ.

■ NICHOLAS SKOLOWEC, Respondent, et al., Plaintiff, v CENTRAL CARPET CLEANING Co., Appellant, et al., Defendants. — Judgment, Supreme Court, New York County (Martin Evans, J.), entered on August 2, 1983, unanimously reversed, on the law and the facts, and a new trial ordered solely on the issue of damages awarded to the plaintiff-respondent, without costs, unless plaintiff-respondent, within 20 days after service upon his attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict in his favor to $225,000, less 10%, the percentage by which the jury found plaintiff to be contributorily negligent, and to the entry of an amended judgment in accordance therewith. If plaintiff-respondent so stipulates, the judgment, as so amended and reduced, is affirmed without costs and without disbursements. ¶ After review of the record, the damages awarded appear to us to be excessive to the extent indicated. Concur — Murphy, P. J., Kupferman, Sandler, Ross and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PASSARO, Appellant. — Judgment, Supreme Court, New York County (Thomas Dickens, J.), rendered on October 27, 1982, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Kassal, JJ.