■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH JOHNSON, Appellant. — Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 22, 1983, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree and criminal possession of a weapon in the third degree.

The only direct evidence of defendant's guilt came in the form of testimony from Guy Jacobs and William Chapman. During the People's case-in-chief, Jacobs testified on direct examination that he had argued with defendant on July 7, 1983 and, while walking away from defendant, heard some noises, "maybe like a bunch of fire crackers, maybe a shot or something". He reapproached defendant and their argument continued, with defendant cursing at Jacobs as he pointed his hand in the latter's face. Jacobs noted that defendant had an object in his hand at the time, but could not recall what it was. At this point in the trial, the prosecutor handed Jacobs something to read to refresh his collection as to what defendant had in his hand, after which Jacobs testified that the object could have been a gun. On cross-examination, Jacobs acknowledged giving defense counsel a sworn statement, later received into evidence, in which Jacobs had said: "During the fight I never saw any gun, as far as I know [defendant] did not have a gun." On redirect examination, the trial court, over defense objection, permitted the People to impeach Jacobs' credibility with a portion of his Grand Jury testimony wherein he had told the Grand Jury that he could best describe the object as a handgun.

Chapman, who also testified for the People, lived near the scene of the alleged crime. He stated that on the date in question, at about 3:20 A.M., a loud noise awakened him. Through the closed front window of his apartment, he then observed a man in an orange shirt, blue jeans and a white hat hitting somebody else with what appeared to be a pipe. The description of the assailant matched the police description of defendant's garb when he was arrested. Chapman was unsure of what he heard the man in the orange shirt say. The prosecutor's inquiry into Chapman's observation of a spark in the street and the movement of a paper bag (apparently a consequence of a gun being discharged) also met with spotty and uncertain recall by Chapman.

Several times the prosecutor used Chapman's signed sworn statement to the police in an effort to refresh his recollection. That statement, People's exhibit No. 3, did trigger Chapman's description of the thing in the man's hand as "maybe a piece of iron or maybe a pistol". The trial court, again over defense counsel's timely objection, received the exhibit in evidence.

Chapman therein recounted: "a guy * * * holding a guy [*sic*] in front of another guy's face * * * The person with the gun * * * began yelling 'Mother-fucker, you fuck with me and I'll kill you. You don't think it's real? I'll show you.' He then pointed the gun on the ground and shot it at a paper bag. I saw a flash and the bag moved. He got into a blue car and left." As it had done earlier when it received Jacobs' Grand Jury testimony into evidence, the trial court instructed the jury that the prior statement of the witness (in this instance Chapman) did not constitute evidence-in-chief and could be considered by them only on the question of the credibility of the witness.

Of defendant's various contentions on appeal, which include, among other things, that the evidence of guilt was insufficient, that he was denied effective assistance of counsel and that the trial court erroneously allowed the prosecutor to impeach his own witnesses, only the last mentioned has force.

The Court of Appeals has instructed that "CPL 60.35 manifestly permits impeachment only when the testimony of the witness in court *affirmatively damages* the case of the party calling him" (*People v Fitzpatrick*, 40 NY2d 44, 51). The inability of the witness to recall the events in question is insufficient to justify impeachment, for such testimony merely fails to corroborate or bolster the prosecutor's case; it does not contradict or disprove any testimony or other *factual* evidence presented by the prosecution (*supra*, at 52; *People v Burke*, 96 AD2d 971, 972, *affd* 62 NY2d 860).

Jacobs' testimony on redirect that he had said "nothing about a gun" to the police officer investigating the incident precipitated his impeachment by means of his prior Grand Jury testimony relating to defendant's possession and use of a gun that night. Allowing Jacobs' aspersion was improper for he simply denied telling a particular person about a gun and had, on direct examination, stated that defendant held an object in his hand which might well have been a gun. The impeached testimony neither tended to disprove the prosecutor's case nor contradicted the statement introduced to impeach him.

For the same reason, impeachment of Chapman through his prior sworn statement to the police was also error. Chapman testified on direct examination that he could not recall the words spoken by the man in the orange shirt, that the latter held an iron piece that was possibly a pistol and that Chapman saw a paper bag on the street move and at the same time observed a spark nearby. His testimony did not affirmatively damage the People's case since it negated none of the factual evidence in support thereof. At most, the trial testimony of Jacobs and

Chapman failed to meet the expectations of the prosecutor; this did not justify impeaching them. As the error was prejudicial and substantial and the evidence of guilt less than overwhelming, a reversal is dictated.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.