■ In the Matter of SHANTIQUE F., a Person Alleged to be a Juvenile Delinquent, Appellant. [636 NYS2d 407] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated November 14, 1994, which, upon a fact-finding order of the same court, dated September 1, 1994, made upon the appellant's admission that she had committed acts which, if committed by an adult, would have constituted the crime of petit larceny, adjudged her to be a juvenile delinquent and placed her with the Division for Youth for a period not to exceed one year. The appeal brings up for review the fact-finding order dated September 1, 1994.

Ordered that the order of disposition is reversed, on the law,

the fact-finding order is vacated, without costs or disbursements, and the matter is remitted to the Family Court, Kings County for further proceedings in accordance herewith.

Upon our review of the record, we find that reversal is required. While the court fully advised the appellant of her rights prior to her admission, the record clearly indicates that the court failed to obtain an allocution from the "person legally responsible for [her] care", to wit; her grandmother, with regard to her understanding of any rights the appellant may be waiving as a result of her admission (*see,* Family Ct Act § 321.3 [1]; *Matter of Melvin A.,* 216 AD2d 227; *Matter of John R.,* 71 AD2d 896; *see also, Matter of Allen R.,* 214 AD2d 800; *Matter of Herbert TT.,* 192 AD2d 916; *Matter of Edgar Q.,* 185 AD2d 432). Therefore, the dispositional order is reversed, the fact-finding order is vacated, and the matter is remitted to the Family Court for further proceedings on the petition (*see, Matter of Brian OO.,* 158 AD2d 816).

In light of the foregoing, we do not reach any other issue. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.