■ In the Matter of PERRY O., a Person Alleged to be a Juvenile Delinquent, Appellant. [647 NYS2d 785] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered October 23, 1995, which adjudicated respondent a juvenile delinquent upon his admission that he committed an act which, if committed by an adult, would constitute the crime of attempted criminal possession of a weapon in the third degree, and placed him with the Division for Youth for 12 months, followed by 12 months of probation, unanimously reversed, on the law, without costs, the dispositional and fact finding orders vacated, and the matter remanded for further proceedings.

As the presentment agency concedes, the admission of guilt must be vacated because, in violation of Family Court Act § 321.3 (1), respondent's mother, who was present in court, was not advised by the court of the consequences of respondent's admission (*Matter of Melvin A.*, 216 AD2d 227, 228).

Respondent's other points are without merit. The petition is not jurisdictionally defective, every element of the crimes charged being supported by the nonhearsay allegations of the officer that he personally saw respondent throw an explosive device at his car and saw it explode when it hit the ground.

This served to apprise respondent of the conduct of which he stood accused, giving the term "explosive" or "incendiary" device, which is not specifically defined in the Penal Law, its everyday meaning (*People v Cruz*, 34 NY2d 362, 370). Nor were respondent's "speedy disposition" rights violated. The reasons for the minimal delay of 26 days from remand to dispositional hearing are evident on the face of the record and did not have to be stated by the court (*see, Matter of Jamar A.*, 86 NY2d 387, 390-391), the first 10-day adjournment having been for the good-cause purpose of completing exploration of placement and the remainder of time having been attributable to respondent. Respondent cannot argue that the Probation Department acted in a dilatory manner in issuing its report after his second arrest, which eliminated parole as an option and required an exploration of placement. Until the time of respondent's second arrest all concerned expected the case to proceed to a dispositional hearing within 50 days after respondent's plea allocution, in compliance with Family Court Act § 350.1 (2). Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.