■ In the Matter of LeJuane S., a Person Alleged to be a Juvenile Delinquent, Appellant. [668 NYS2d 708] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (McElligott, J.), dated September 6, 1996, which, upon a fact-finding order of the same court, dated July 15, 1996, made upon the appellant's admission, finding that he had committed acts which if committed by an adult, would have constituted the crimes of sexual abuse in the second degree and petit larceny, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of up to one year. The appeal brings up for review the fact-finding order dated July 15, 1996.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings on the petitions.

We conclude that reversal is required because the Family Court failed to ascertain whether the appellant was aware at the time of his admission of the "possible specific dispositional orders" (Family Ct Act § 321.3 [1]), nor was he told the exact nature of his placement or its possible duration (*see, Matter of Melvin A.*, 216 AD2d 227; *Matter of Herbert RR.*, 214 AD2d 891). In addition, the court failed to obtain a proper allocution from the appellant's parents, who were present in court, in accordance with Family Court Act § 321.3 (1) (*see, Matter of Perry O.*, 232 AD2d 225; *Matter of Shantique F.*, 223 AD2d 590). Therefore, the dispositional order is reversed, the fact-finding order is vacated, and the matter is remitted to the Family Court for further proceedings on the petitions.

In view of our determination, we need not reach the appellant's remaining contentions. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.