■ In the Matter of NEFTALY R., a Person Alleged to be a Juvenile Delinquent, Appellant. (Proceeding No. 1.) In the Matter of NEFTALY R., a Person Alleged to be a Juvenile Delinquent, Appellant. (Proceeding No. 2.) [724 NYS2d 894] —In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from two orders of disposition of the Family Court, Kings County (Grosvenor, J.), both dated December 20, 1999, which, upon two fact-finding orders of the same court dated October 7, 1999 (Proceeding No. 1, under Index No. D-19470/99), and November 12, 1999 (Proceeding No. 2, under Index No. D-24953/99), respectively, made upon admissions, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of unauthorized use of a vehicle in the third degree (two counts, one as to each proceeding), adjudged him to be a juvenile delinquent and placed him in a juvenile detention facility for two periods of 12 months, with each placement to run concurrently. The appeals bring up for review the fact-finding orders dated October 7, 1999, and November 12, 1999, respectively.

Ordered that the appeal from so much of the order of disposition in Proceeding No. 1 as placed the appellant in a juvenile detention facility for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition in Proceeding No. 1 is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of disposition in Proceeding No. 2 is reversed, on the law, without costs or disbursements, the fact-finding order dated November 12, 1999, is vacated, and Proceeding No. 2 is dismissed.

The appeal from so much of the dispositional order in

Proceeding No. 1 as placed the appellant in a juvenile detention facility for a period of 12 months must be dismissed as academic because the placement period has expired (*see, Matter of Angelina E.,* 213 AD2d 346; *Matter of Tanya M.,* 207 AD2d 656; *Matter of Byron A.,* 112 AD2d 30).

In Proceeding No. 1, the Family Court obtained a proper allocution from the appellant's mother, who was present in court during the fact-finding hearing on October 7, 1999 (*see,* Family Ct Act § 321.3 [1]; *Matter of Kenneth R.,* 159 AD2d 708; *cf., Matter of Shantique F.,* 223 AD2d 590).

However, we agree with the appellant's contention that the fact-finding order dated November 12, 1999, in Proceeding No. 2 must be vacated and that proceeding dismissed. While the court fully advised the appellant of his rights prior to his admission, the record clearly indicates that the court failed to obtain a proper allocution from the appellant's mother, who was present in court, with regard to her understanding of any rights the appellant may be waiving as a result of his admission (*see,* Family Ct Act § 321.3 [1]; *People v Gina M. M.,* 40 NY2d 595, 597; *Matter of James D. H.,* 254 AD2d 290; *Matter of LeJuane S.,* 247 AD2d 481; *Matter of Shantique F., supra*). Moreover, the court, after promising the appellant a conditional discharge in Proceeding No. 2 in exchange for his admission, failed to provide him with that conditional discharge in its order of disposition. Instead, the appellant was placed in a juvenile detention facility for a period of 12 months, with that placement to run concurrently with the placement in Proceeding No. 1. In light of these errors, the fact-finding order dated November 12, 1999, is vacated and, since the 12-month period of placement has already expired, Proceeding No. 2 is dismissed (*see, Matter of James D. H., supra*).

In light of the foregoing, we do not reach any other issue. Santucci, J. P., Altman, Florio and Adams, JJ., concur.