■ In the Matter of ANTHONY S., a Person Alleged to be a Juvenile Delinquent. [755 NYS2d 294] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered April 24, 2002, which, upon vacating a dispositional order of probation of the same court, dated September 20, 2001, upon the admission of Anthony S. that he violated a condition thereof, placed him with the Office of Children and Family Services for a period of one year, for placement in a limited secure facility.

Ordered that the order of disposition dated April 24, 2002, is reversed, on the law, without costs or disbursements, the admission is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

Family Court Act § 321.3 (1) requires that, before granting its consent to entry of an admission, the Family Court ascertain through allocution of the juvenile and, in this case, the juvenile's mother, that the juvenile committed the act to which he or she is entering an admission, that he or she is voluntar-

ily waiving his or her right to a fact-finding hearing, and that he or she is aware of all possible specific dispositional orders that it may issue, and further provides that these requirements are not waivable. Reversal is required on the basis that the court failed to ascertain whether the juvenile, in making his admission, was aware of the "possible specific dispositional orders" (*see* Family Ct Act § 321.3 [1] [c]; *Matter of LeJuane S.,* 247 AD2d 481, 482 [1998]). Moreover, the court failed to obtain an allocution of the juvenile's mother as to her understanding of the consequences of the juvenile's admission (*see Matter of Perry O.,* 232 AD2d 225 [1996]; *Matter of Shantique F.,* 223 AD2d 590, 591 [1996]; *Matter of Melvin A.,* 216 AD2d 227, 228 [1995]).

In light of the foregoing, we do not reach any other issue. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.