■ In the Matter of BRUCE K. III, a Person Alleged to be a Juvenile Delinquent, Appellant. [761 NYS2d 513] —In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Dutchess County (Brands, J.), dated July 18, 2000, which, upon a fact-finding order of the same court also dated July 18, 2000, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, adjudicated the appellant to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of three years under Docket Nos. D-10933/99 and E-10932/99, and (2) an order of disposition of the same court also dated July 18, 2000, which, upon a fact-finding order of the same court also dated July 18, 2000, made upon the appellant's admission that he had committed an act which if committed by an adult, would have constituted the crime of assault in the third degree, adjudicated the appel-

lant to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months under Docket No. D-2283/00.

Ordered that the order of disposition under Docket Nos. D-10933/99 and E-10932/99 is affirmed, without costs or disbursements; and it is further,

Ordered that the order of disposition under Docket No. D-2283/00 is reversed, on the law, without costs or disbursements, the underlying fact-finding order is vacated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings on that petition.

The presentment agency's evidence established that the appellant, together with two other individuals, approached the complainant and blocked his path. The appellant stood in front of the complainant with his hands clenched, while one of the other individuals pointed a knife at the complainant. The other individual then pierced the complainant's skin with the knife, and stole his necklace and money. This evidence was legally sufficient to establish that the appellant shared the intent to commit the acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree (*see* Penal Law §§ 20.00, 160.15 [2], [3]; § 160.10 [1]; § 155.30; *Matter of Aida S.,* 189 AD2d 818, 819-820 [1993]; *Matter of Adrian V.,* 242 AD2d 385, 386 [1997]). Viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to support the appellant's adjudication as a juvenile delinquent under to Docket Nos. D-10933/99 and E-10932/99.

Upon our review of the record, however, we find that reversal of the order of disposition under Docket No. D-2283/00 is required. While the Family Court fully advised the appellant of his rights prior to his admission, the record indicates that the "person legally responsible for his care," i.e., the appellant's father, was not allocuted as to his understanding of the consequences of his son's admission (Family Ct Act § 321.3 [1]; *see Matter of Anthony S.,* 302 AD2d 531, 532 [2003]; *Matter of Shantique F.,* 223 AD2d 590, 591 [1996]). Therefore, the order of disposition with respect to Docket No. D-2283/00 must be reversed, the fact finding order vacated, and the matter remitted to the Family Court, Dutchess County, for further proceedings on that petition. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.