▆ In the Matter of ALEXIS L., a Person Alleged to be a Juvenile Delinquent, Appellant. [845 NYS2d 436]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Dutchess County (Sammarco, J.), dated October 5, 2006, which, upon a fact-finding order of the same court also dated October 5, 2006, made upon the appellant's admission, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of at-

tempted robbery in the third degree, adjudged her to be a juvenile delinquent and placed her with the New York State Office of Children and Family Services for a period of up to 14 months with credit for time spent in detention. The appeal brings up for review the fact-finding order dated October 5, 2006.

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of up to 14 months with credit for time spent in detention is dismissed as academic, without costs or disbursements, as the period of placement has expired; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings on the petition.

Contrary to the appellant's contention that she was denied the effective assistance of counsel at the time she made her admission, the appellant received meaningful representation (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Brooks,* 36 AD3d 929, 930 [2007]; *see generally People v Baldi,* 54 NY2d 137, 146-147 [1981]).

However, we agree with the appellant's contention that the Family Court failed to secure from her mother, who was present in court, a proper allocution pursuant to Family Court Act § 321.3 (1) (*see Matter of Bruce K.,* 306 AD2d 479, 480 [2003]; *Matter of Neftaly R.,* 283 AD2d 579, 580 [2001]; *Matter of Shantique F.,* 223 AD2d 590 [1996]). The Presentment Agency argues that the appellant failed to preserve this claim because she did not move to withdraw her admission (*see* Family Ct Act § 321.4). The Presentment Agency also argues, in effect, that under the totality of the circumstances, including the lengthy discussions among the Law Guardian, the appellant, and her mother, and the negotiations for disposition spreading over several adjournments, the mother was fully aware of all the facts that the omitted allocution would have manifested. We reject the Presentment Agency's contention. Not only does Family Court Act § 321.3 (1) specify that its provisions shall not be waived, but also, we rejected nearly identical arguments of the presentment agency in *Matter of Shantique F.* (223 AD2d 590 [1996]).

Therefore, the order of disposition is reversed, the fact finding order is vacated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings on the petition. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.