(May 25, 2010)

■ In the Matter of DEIBY C., a Person Alleged to be a Juvenile Delinquent, Appellant. [906 NYS2d 4]—

Order of disposition, Family Court, Bronx County (Juan M. Merchan, J.), entered on or about February 25, 2008, which adjudicated appellant a juvenile delinquent upon his admission he had committed an act that, if committed by an adult, would constitute the crime of possession of a stolen vehicle in violation of Vehicle and Traffic Law § 426, and placed him with the Office of Children and Family Services for a period of 18 months, unanimously affirmed, without costs.

Appellant argues that Family Court erred in taking his admission outside his mother's presence because the statutory prescription to include a parent in the allocution provides that it "shall not be waived" (Family Ct Act § 321.3 [1]) and his mother's presence at the hearing was required in view of the court's failure to affirmatively establish that "reasonable and substantial effort ha[d] been made to notify" her of the proceedings (Family Ct Act § 341.2 [3]). Appellant's position is without legal merit or factual foundation.

While the court's allocution must extend to a parent, "if present" (Family Ct Act § 321.3 [1]; *Matter of Tyler D.*, 64 AD3d 1243, 1244 [2009] [allocution requirements "mandatory and nonwaivable"]), it is undisputed that appellant's mother was *not* present at the plea hearing, and the court fully complied with the statute by conducting its allocution with appellant, his guardian ad litem and the law guardian. Appellant does not contend that the court failed to engage in sufficiently rigorous allocution before accepting his admission of guilt (*cf. Matter of Myacutta A.*, 75 AD2d 774, 775 [1980]), and section 321.3 (1) is thus inapposite.

Nor did Family Court err in proceeding with the plea hearing in the absence of appellant's mother. Appellant cites no authority for his position that a court is required to make an explicit finding that reasonable and substantial notification efforts have been made before conducting a hearing in a parent's absence (Family Ct Act § 341.2 [3]). To the contrary, case law suggests that the adequacy of attempted notification will be determined

from a review of the record (*e.g. Matter of Felicia C.*, 178 AD2d 530 [1991] ["no indication in the record that a 'reasonable and substantial effort' was made to notify the appellant's parents"]; *Myacutta A.*, 75 AD2d at 774 [only record indication was a single remark by law guardian concerning attempt to contact parent]). The record indicates that two days before entry of the admission, appellant appeared in Family Court, at which time his law guardian requested that a guardian ad litem be appointed because his mother had made it clear that she felt intimidated by her son, did not want him in her household, and would prefer that he remain in custody. At that time, the court appointed an attorney as guardian ad litem and made an express finding that reasonable notification efforts had been made.

Nothing in Family Ct Act § 341.2 (3) indicates that a parent cannot waive the right to be present at a hearing, and the appointment of a guardian ad litem to act in loco parentis (literally, "in the place of a parent") as a result of parental animus is as clear an indication of waiver as could be expected. Moreover, the record reflects that on the date appellant entered his admission, his mother was present at the courthouse, but after speaking with appellant's attorney, she did not attend the hearing. In the absence of any objection from appellant, his law guardian or guardian ad litem, proceeding in his parent's absence is not a basis for reversal under the statute (*see Matter of Willie E.*, 88 NY2d 205, 210 [1996]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.

The decision and order of this Court entered herein on December 22, 2009 (68 AD3d 606 [2009]), is hereby recalled and vacated (*see* 2010 NY Slip Op 72344[U] [2010] [decided simultaneously herewith]).