Matter of Alexander B. (2015 NY Slip Op 02062)





Matter of Alexander B.


2015 NY Slip Op 02062


Decided on March 17, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2015

Friedman, J.P., Sweeny, Saxe, Feinman, Clark, JJ.


14321 14320

[*1] In re Alexander B., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


George E. Reed, White Plains for appellant.
Zachary W. Carter, Corporation Counsel, New York (Michael S. Legge of counsel), for presentment agency respondent.



Order, Family Court, Bronx County (Allen G. Alpert, J. at fact-finding proceeding; Sidney Gribetz, J. at disposition), entered on or about January 22, 2013, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of grand larceny in the fourth degree, and placed him on probation for a period of 15 months, unanimously reversed, on the law, and the petition dismissed.
Appellant's admission was defective because there is no indication in the record that a "reasonable and substantial effort," or any effort for that matter, was made to notify his mother of the fact-finding proceeding at which the admission was made (see Family Ct Act § 341.2[3]; Matter of Myacutta A., 75 AD2d 774 [1st Dept 1980]). Although appellant's mother had a history of absence, there is nothing to show that she was notified of the court appearance at issue, which occurred the day after appellant was returned on a warrant. Although, for reasons not appearing in the record, appellant's uncle was present, this was insufficient, as nothing indicates that he was "a person legally responsible for the child's care" (Family Ct Act § 321.3[1]), or that he was an acceptable substitute. Even if the uncle's presence did satisfy the statutory criteria, the court failed to obtain a proper allocution from him with regard to his understanding of the rights appellant was waiving as a result of his admission. As the statutory requirements are nonwaivable, preservation was not required (Matter of Aaron B., 74 AD3d 534, 535 [1st Dept 2010]).
Since appellant has already served the 15 months of probation imposed by the court, the proper remedy is to dismiss the petition (see Matter of Jerome P., 96 AD3d 576 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2015
CLERK