■ In the Matter of NIKIM M., a Person Alleged to be a Juvenile Delinquent, Appellant. [41 NYS3d 474]—

Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about April 3, 2015, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of grand larceny in the fourth degree, and placing him with the Office of Children and Family Services for a period of 18 months, unanimously reversed, on the law, without costs, the adjudication vacated and the petition dismissed as an exercise of discretion in the interest of justice.

The record does not establish that a "reasonable and substantial effort [was] made" to provide notice of the fact-finding hearing, at which appellant's admission was entered, to his mother (Family Ct Act § 341.2 [3]), or that she was given a reasonable opportunity to attend the hearing. At the commencement of the hearing, counsel stated that appellant's mother, although absent, had been informed of the court date. When appellant stated that he wanted his mother to be present at the hearing, the court instructed counsel to telephone

her, ascertain whether she would be coming to court, and if not, explain why. Counsel, after speaking with the mother, informed the court that she did not know the time the hearing had been scheduled for, and would not be able to attend. The mother's communication that she was no longer able to come to court on that particular day gave no indication that she chose not to attend at all. In light of counsel's statement that the mother was unaware of the time she needed to come to court, the court should at least have inquired as to "the nature or degree of any effort made to notify [her]" (*Matter of Myacutta A.*, 75 AD2d 774, 774 [1st Dept 1980]), and ascertained whether she had been notified of both the date and time, and hence been given a reasonable opportunity to attend.

Because appellant has already completed his placement, we exercise our discretion to dismiss the petition instead of remanding for a new fact-finding hearing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.