Matter of Richard S. (2019 NY Slip Op 00130)





Matter of Richard S.


2019 NY Slip Op 00130


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-04325
2018-04866
 (Docket No. D-22036-17)

[*1]In the Matter of Richard S. (Anonymous), appellant.


Larry S. Bachner, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Nwamaka Ejebe of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding, Richard S. appeals from (1) an order of fact-finding of the Family Court, Queens County (Stephen J. Bogacz, J.), dated December 8, 2017, and (2) an order of disposition of the same court dated February 27, 2018. The order of fact-finding, upon the appellant's admission, found that the appellant committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. The order of disposition, upon the order of fact-finding, adjudicated the appellant a juvenile delinquent and placed him in the custody of the Commissioner of Social Services of the County of Queens for a period of 18 months, with a minimum of 6 months in a residential facility.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the order of fact-finding is vacated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the petition.
The appellant admitted in his allocution that he took $5 from another boy at school. The appellant stated that the boy had given the appellant's friend a $10 bill and that the friend gave the appellant $5. The appellant's foster care case planner was present at the allocution but was not questioned. In an order of fact-finding dated December 8, 2017, the Family Court found that the appellant committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. In an order of disposition dated February 27, 2018, the court adjudicated the appellant a juvenile delinquent and placed him in the custody of the Commissioner of Social Services of the County of Queens for a period of 18 months, with a minimum of 6 months in a residential facility.
On appeal, the appellant contends that the allocution conducted at the fact-finding hearing was inadequate. The appellant argues that the Family Court did not elicit a sufficient factual basis to support his admission to the allegation in the petition that he committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. The [*2]appellant further argues that the court erred in failing to obtain an allocution from the foster care case planner.
The appellant did not move to withdraw his admission on the grounds raised on appeal (see Matter of David H., 88 AD3d 710, 711; Matter of Stella F., 56 AD3d 668, 669). However, this is one of the " rare case[s] . . . where the [appellant's] recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the [appellant's] guilt,' [which] fall[s] into the narrow exception to the preservation requirement" (Matter of Stella F., 56 AD3d at 669, quoting People v Lopez, 71 NY2d 662, 666 [citation omitted]). In addition, the appellant was not required to preserve his contention that the Family Court erred in failing to obtain an allocution from the foster care case planner, since the statutory requirement of such an allocution may not be waived (see Matter of Alexander B., 126 AD3d 533, 534; Matter of Daquan BB., 83 AD3d 1281, 1282; Matter of Tyler D., 64 AD3d 1243, 1243).
Turning to the merits, the appellant's allocution failed to provide the factual basis to establish that he committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree. The appellant's allocution indicated both that he took $5 from the boy and also that the boy voluntarily gave the appellant's friend $10, of which the appellant received half. The Family Court did not elicit any additional details concerning the incident in order to clarify how the appellant came to be in possession of the $5 such that it could be concluded that he took it from the boy's person within the meaning of Penal Law § 155.30(5). Thus, the court "did not elicit a sufficient factual basis to support [the appellant's] admission'" (Matter of Kameron VV., 156 AD3d 1272, 1274, quoting Matter of Barry H., 24 AD3d 1137, 1138; see Matter of Schlena P., 98 AD2d 750, 750).
In addition, the appellant's admission was defective since his foster care case planner was present, but the Family Court failed to ascertain through allocution of the foster care case planner, as a person legally responsible for the appellant's care, "that (a) [the appellant] committed the act or acts to which he [was] entering an admission, (b) he [was] voluntarily waiving his right to a fact-finding hearing, and (c) he [was] aware of the possible specific dispositional orders" (Family Ct Act § 321.3[1]; see Matter of Alexander B., 126 AD3d at 534; Matter of Alexis L., 45 AD3d 688, 689; Matter of Bruce K., 306 AD2d 479, 480; Matter of Neftaly R., 283 AD2d 579, 580; Matter of Shantique F., 223 AD2d 590, 591).
Accordingly, the order of disposition must be reversed, the order of fact-finding vacated, and the matter remitted to the Family Court, Queens County, for further proceedings on the petition (see e.g. Matter of David T., 59 AD3d 631, 632; Matter of Alexis L., 45 AD3d 688, 689; Matter of Franklin M., 11 AD3d 469, 469).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court