Matter of Hayden B.S. (2019 NY Slip Op 03192)





Matter of Hayden B.S.


2019 NY Slip Op 03192


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


406 CAF 18-02026

[*1]IN THE MATTER OF HAYDEN B.S., RESPONDENT-RESPONDENT. STEUBEN COUNTY ATTORNEY, PETITIONER-APPELLANT. 






ALAN P. REED, COUNTY ATTORNEY, BATH (CRAIG A. PATRICK OF COUNSEL), FOR PETITIONER-APPELLANT.
PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-RESPONDENT.


 Appeal from an order of the Family Court, Steuben County (Patrick F. McAllister, A.J.), entered September 26, 2018 in a proceeding pursuant to Family Court Act article 3. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Steuben County, for further proceedings in accordance with the following memorandum: In this juvenile delinquency proceeding pursuant to Family Court Act article 3, petitioner appeals from an order that dismissed the petition as defective because petitioner "did not make a showing to [Family Court] that a diligent attempt to notify [r]espondent's father of the appearance had been made." Preliminarily, we note that, contrary to the contention of respondent, petitioner is, for the purposes of this appeal, aggrieved by the dismissal of the petition notwithstanding that the petition was dismissed without prejudice (see generally Kirby v Kenmore Mercy Hosp., 122 AD3d 1284, 1284-1285 [4th Dept 2014]; Allen v General Elec. Co., 11 AD3d 993, 994 [4th Dept 2004]). A party is aggrieved when it requests relief and that relief is denied in whole or in part (see Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015]; see generally CPLR 5511).
We agree with petitioner that the court erred in dismissing as defective the petition. Article 3 of the Family Court Act provides in relevant part that, "[a]fter a petition has been filed, the court may cause a copy thereof and a summons to be issued, requiring the respondent personally and his parent or other person legally responsible for his care . . . to appear for the initial appearance" (§ 312.1 [1]). The purpose of that provision is to facilitate the requirements that "the respondent's parent or other person responsible for his or her care . . . be present at any hearing under [that] article and at the initial appearance" (§ 341.2 [3]) and be notified of respondent's rights (see § 320.3). Here, the petition included an address for respondent's mother, the custodial parent, who was served and appeared in court, thus ensuring the presence of a parent or responsible adult to help the juvenile respondent understand the proceedings and safeguard his legal rights (see generally § 320.3; Matter of Myacutta A., 75 AD2d 774, 774-775 [1st Dept 1980]).
Contrary to the court's determination, neither Matter of Gault (387 US 1, 31-34 [1967]) nor any of the other cases cited by the parties require a petitioner to provide notification of a juvenile delinquency proceeding to more than one parent or guardian (see e.g. Matter of Nikim M., 144 AD3d 424, 424-425 [1st Dept 2016]; Matter of Alexander B., 126 AD3d 533, 534 [1st Dept 2015]; Matter of John L., 125 AD2d 472, 472-473 [2d Dept 1986]; Matter of Tracy B., 80 AD2d 792, 792 [1st Dept 1981]; Myacutta A., 75 AD2d at 774-775; cf. Family Ct Act § 1035 [d]; Matter of Felicia C., 178 AD2d 530, 530 [2d Dept 1991]; Matter of Lloyd P., 99 AD2d 812, 813 [2d Dept 1984]) or to show that it has made "diligent attempt[s]" to notify more than one parent or guardian of respondent's need to appear in Family Court. We therefore reverse the [*2]order, reinstate the petition, and remit the matter to Family Court for further proceedings on the petition.
We have reviewed respondent's alternative grounds for affirmance (see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]) and conclude that they lack merit.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court