■ EMPIRE MUTUAL INSURANCE COMPANY, Appellant, v. DORTHY WEST et al., Respondents.— In an action for an injunction, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated July 2, 1964, as: (1) vacated a prior order of the Supreme Court, Sullivan County, dated April 13, 1964, which granted plaintiff's motion for a preliminary injunction; and (2) dissolved the injunction. Order of July 2, 1964, insofar as appealed from, reversed on the law, without costs; and the defendants' motion, insofar as it seeks to vacate the prior order of April 13, 1964 and to dissolve the preliminary injunction granted thereby, referred for appropriate disposition to the Special Term in Sullivan County where such order was made. Plaintiff's time to comply with the other procedural provisions of the said order of July 2, 1964, namely: the directions to serve a supplemental bill of particulars, to appear for examination with its books and records and to serve and file a note of issue, is extended until 30 days after entry of the order hereon or until such other date as the parties may mutually stipulate in writing. This extension of time is granted in response to plaintiff's specific request therefor in its brief. By order of the Supreme Court, Queens County, dated April 8, 1964 the venue of this action had been changed from Sullivan County to Queens County. In our opinion this order changing the venue to Queens County merely prescribed the proper county for the place of trial and did not curtail the jurisdiction of the Special Term of the Supreme Court in Sullivan County to enter an order upon its decision of the motion for a preliminary injunction, which decision had been handed down prior to the change of venue (see *Weber* v. *Lacey*, 281 App. Div. 290, 292; *Matter of City of New York* v. *Every*, 231 App. Div. 576). The motion to vacate the preliminary injunction therefore should have been transferred to the Judge who made the prior order (see CPLR 2221); it is not proper practice to seek a review of the order of one Special Term Justice by another such Justice (*Matter of White*, 101 App. Div. 172, 173). Such a practice, if sanctioned, is tantamount to an appeal from an order made by one Special Term Justice to another Special Term Justice who has no appellate or revisory jurisdiction with respect to the order (*Platt* v. *New York & Sea Beach Ry. Co.*, 170 N. Y. 451, 458). Kleinfeld, Rabin and Hill, JJ., concur; Beldock, P. J., and Hopkins, J., dissent and vote to affirm the order insofar as appealed from, with the following memorandum: In our opinion, a motion on notice to vacate or modify an order granting a temporary injunction may be made to the court at Special Term, and need not be referred to the Judge who originally granted the order (see CPLR 6314; see commentary in 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.02, p. 22–113; 7B McKinney's Civil Practice Law and Rules, § 6314, pp. 212, 213; 14 New York Standard Civil Practice Service, pp. 98–99). The CPLR continues the interpretation of section 898 of the former Civil Practice Act that a motion on notice to vacate a temporary injunction was authorized to be made at a term of court where a contested motion can be heard (cf. former Civ. Prac. Act, § 131; 10 Carmody-Wait, Cyclopedia of New York Practice, § 85, p. 657). Thus, CPLR 6314 represents an exception to CPLR 2221, and a motion on notice to vacate a temporary injunction is not governed by the rule of comity which requires a motion to vacate an

order to be referred to the Judge who granted it. Under the circumstances of this case, the vacatur of the order granting the temporary injunction was not an abuse of the discretion of Special Term.