JOHN W. HROUDA, Respondent, v ROY WINNE, Respondent, and JONATHAN WINNE, Appellant.

Third Department, October 23, 1980

## APPEARANCES OF COUNSEL

*Palmer J. Kennedy,* for appellant.

*Jacobs & Jacobs (Kevin Egan* of counsel), for John W. Hrouda, respondent.

## OPINION OF THE COURT

KANE, J.

Jonathan Winne, the infant appellant, was born on June 16, 1969 during the marriage of Roy and Ellen Winne, who were then residents of the County of Westchester. The marriage was terminated pursuant to a decree of divorce obtained by Ellen Winne on December 3, 1970. Following her unexpected death on January 20, 1971, Roy Winne removed the Winne children, including Jonathan, to his parents' farm in Delaware County where they presently reside.

In October of 1971 petitioner instituted a proceeding in Supreme Court, Westchester County, to obtain custody of Jonathan Winne, alleging that he, not Roy Winne, was appellant's father. The matter was transferred to the Family Court of Westchester County where a plenary hearing was conducted. Despite a stipulation that both Jonathan and Roy Winne would submit to a standard ABO blood-grouping test, no such test was performed and, at the conclusion of the hearing, the court dismissed the petition, finding an absence of a showing of nonaccess by Roy Winne and a failure to overcome the presumption of legitimacy. The order entered thereupon, dated August 14, 1972, declared Roy Winne to be the father of Jonathan Winne and directed that custody remain with him. There was no appeal from that order.

During the ensuing eight years, petitioner has steadfastly maintained he is Jonathan's true father. In 1979 he became aware of a new type of blood-grouping test, the Human Leukocyte Antigen (HLA) test. It has a claimed 90% probability of producing accurate exclusionary results (much higher than the 60% accuracy rating of the ABO test) which are not impaired by the mother's death as in the case of the ABO test. Accordingly, petitioner commenced the instant proceeding in

the Family Court of Delaware County, seeking to vacate the 1972 Westchester County Family Court order upon the ground of newly discovered evidence, i.e., the HLA blood-grouping test. He requested that both Roy Winne and Jonathan be ordered to submit to the new test and, upon the completion thereof, that the court rehear all issues concerning the paternity and custody of Jonathan Winne. Respondent Roy Winne contended it would not serve Jonathan's best interests to reopen the matter at this late date, a view shared by Jonathan's Law Guardian. The Family Court concluded that the issues should be considered on a step-by-step basis and granted partial relief. It directed both Jonathan and petitioner to submit to an HLA blood-grouping test, but denied other relief without prejudice to an application to renew pending the results of the tests. We permitted the Law Guardian for Jonathan to appeal from that order.

██ ██ This rather unusual case presents a number of troublesome points. At the very outset we note that petitioner's standing to institute this proceeding arises from a 1976 amendment to section 532 of the Family Court Act, which expanded the category of those entitled to apply for a blood-grouping test from "the respondent" to "any party" (L 1976, ch 665, § 6). Thus, this petitioner seeks to take advantage of a change in the law made four years after an undisturbed judicial ruling finally established the status of Jonathan Winne. Aside from the fact that it is quite plain the Legislature never intended the 1976 amendment of that section to adversely affect any prior judicial determination (L 1976, ch 665, § 7), we perceive no reason in law or logic that would warrant the reopening of a final order upon the mere promise of increased exclusionary accuracy that might be derived from new scientific developments in this field. To allow such procedures would place a child, the custodians, and putative parents in continual limbo. Accordingly, the 1972 order determining paternity should not have been reopened, and the order appealed from granting preliminary relief by directing a blood-grouping test should not have been granted. Were we to reach the merits, reversal would be indicated on that basis alone. However, we are compelled to pass upon a jurisdictional question tangentially relating to an objection to venue in Delaware County. In his application petitioner expressly sought to vacate the prior Westchester County Family Court order of paternity and custody. A request for such relief must be addressed to the court which made the original order

(CPLR 5015, subd [a]), and no court other than the one which rendered the judgment or order may entertain a motion to vacate it *(Brenner v Arterial Plaza,* 29 AD2d 815; Siegel, New York Practice, § 426; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.15; see Family Ct Act, § 165, subd [a]). Thus, the Family Court of Delaware County was without jurisdiction to entertain the within application and its order must be reversed and the petition dismissed.

The order should be reversed, on the law, and the petition dismissed, without costs.

MAHONEY, P. J., SWEENEY, MAIN and CASEY, JJ., concur.

Order reversed, on the law, and petition dismissed, without costs.