■ In the Matter of JOHN HROUDA, Appellant, v ROY WINNE, Respondent.—In a paternity proceeding, pursuant to Family Court Act article 5, petitioner appeals from an order of the Family Court, Westchester County (Bellantoni, J.), dated June 13, 1984, which denied his motion (1), in effect, to vacate a prior order of paternity of the same court, dated August 14, 1972, (2) to direct that respondent and the infant submit to a human leucocyte antigen (HLA) blood test, (3) to declare that he is the father, and (4) to award him custody of the infant.

Order affirmed, without costs or disbursements.

The child subject of this proceeding was born on June 16, 1969, during the marriage of Roy and Ellen Winne. That marriage was terminated by a judgment of divorce, dated December 13, 1970. Ellen Winne died unexpectedly on January 20, 1971. At that time Roy Winne removed the child to his parents' home in Delaware County, where the child has since resided. Later that year, petitioner commenced a proceeding in the Supreme Court, Westchester County, trying to establish his paternity of the child. The matter was transferred to the Family Court, Westchester County, which dismissed the petition after holding that petitioner had failed to establish nonaccess by respondent and that, therefore, he did not overcome the strong presumption of legitimacy. Petitioner did not appeal this order, which was made in 1972.

Petitioner subsequently sought to take advantage of a 1976 amendment to Family Court Act § 532 (L 1976, ch 665, § 6), which expanded the category of those entitled to seek a blood-grouping test to include "any party". He commenced a proceeding in the Family Court, Delaware County, in which he sought to vacate the 1972 order of the Family Court, Westchester County, arguing that the HLA blood-grouping test constituted newly discovered evidence which he could utilize to reopen the paternity and custody proceedings. The court granted relief to the extent of directing that both petitioner and the child submit to the HLA blood-grouping test. Then, depending upon the results of such tests, the court would "rule upon the petition step by step".

The child appealed to the Appellate Division, Third Department, which, on October 23, 1980, reversed the order appealed from and held that any request to vacate an order of paternity

and custody must be addressed to the court which made the original order, and that, therefore, the Family Court of Delaware County was without jurisdiction to entertain the application (*Hrouda v Winne,* 77 AD2d 62).

In 1981, the Legislature again amended Family Court Act § 532 (L 1981, ch 9, § 2) to permit the use of results of an HLA blood test as positive evidence of paternity, and not just as a method of excluding paternity. With this in mind, petitioner subsequently made the instant application in the Family Court, Westchester County, pursuant to the holding of the Third Department. The Family Court, Westchester County, denied the motion, finding that petitioner did not submit any newly discovered evidence which would justify granting any relief from the prior order. We now affirm.

Petitioner is asking us to retroactively apply the statutory amendments to the Family Court Act in an attempt to reopen the paternity issue. Whether an amendment to a statute is to be given retroactive effect depends upon whether the amendment affects a procedural matter as opposed to a substantive right. Rules governing the admissibility of evidence are procedural matters. In such situations, the amendment will apply to cases currently pending in the courts (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 55, pp 117-118), but cannot be used to reopen matters in which a final order or judgment has already been obtained (*see, Merrill v Ralston,* 95 AD2d 177) and from which the time to appeal has expired or the right of appeal has been exhausted. To hold otherwise would erode any notion of the finality of judgments, and would leave all litigants in a continued state of limbo, permitting them to be hauled back into court any time a scientific advance has been made in the area in which the litigation was involved (*see, Hrouda v Winne, supra*). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.