■ In the Matter of JOHN B., a Person Alleged to be a Juvenile Delinquent, Appellant. [690 NYS2d 109] —In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Scancarelli, J.), entered August 10, 1998, which, upon a fact-finding order of the same court, entered June 2, 1998, made upon the appellant's admission, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the third degree and criminal mischief in the fourth degree (ten counts), adjudged him to be a juvenile delinquent and placed him under the supervision of the Probation Department for a period of two years. The appeal brings up for review the fact-finding order entered June 2, 1998.

Ordered that the order of disposition is modified, on the law, by vacating the provisions thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of criminal mischief in the third degree under count three of the petition and five counts of criminal mischief in the fourth degree under counts four through seven and count thirteen of the petition, and placed the appellant on two years probation, and substituting therefor a provision dismissing the third through the seventh and the thirteenth counts of the petition; as so modified, the order of disposition is affirmed, without costs and disbursements, the fact-finding order is modified accordingly, and the matter is remitted to the Family Court, Westchester County, for a new disposition.

We agree with the appellant's contention that the juvenile delinquency petition was facially defective insofar as it alleged that he caused damage to certain property in excess of a stated amount. The property owners' conclusory statements of the amount of damage to their property, as set forth in the depositions annexed to the petition, are legally insufficient to sustain those counts of the petition alleging crimes for which the amount of damage to said property is an element (*see, People v Lopez,* 79 NY2d 402, 403). As those deficiencies are jurisdictional and unwaivable, counts three through seven of the petition, as well as the appellant's admission to the lesser-included offenses of those counts, must be dismissed (*see, Matter of Neftali D.,* 85 NY2d 631, 634).

The presentment agency correctly concedes that the thirteenth count of the juvenile delinquency petition is jurisdictionally defective, since the non-hearsay allegations of the petition, if true, failed to establish every element of the crime charged (*see,* Family Ct Act § 311.2). Accordingly, the appellant's admission to a lesser-included offense of that count must be vacated.

The appellant's remaining contentions are without merit. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.