In the Matter of KELLEY C., as Parent and Legal Guardian and on Behalf of SERINA C., an Infant, Appellant, v KIM M., Respondent. In the Matter of KELLEY C., as Parent and Legal Guardian and on Behalf of LOUIS C., an Infant, Appellant, v KIM M., Respondent. [718 NYS2d 552] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined that these paternity proceedings are barred by res judicata. Petitioner contends that res judicata should not apply because the court in the prior paternity proceedings dismissed the petitions therein without considering the results of DNA testing, which indicated a high probability that respondent is the children's father. The order dismissing the prior petitions was dated June 19, 1995, and Family Court Act § 532 (a) was amended effective June 15, 1994 to establish a rebuttable presumption of paternity in cases in which a genetic marker or DNA test indicates a probability of paternity of 95% or greater (*see,* L 1994, ch 170, § 354). Assuming, arguendo, that the amendment relates to a procedural matter rather than a substantive right and was thus applicable to cases "currently pending in the courts" at the time it took effect (*Matter of Hrouda v Winne,* 112 AD2d 304, 305), we conclude that the amendment "cannot be used to reopen matters in which a final order or judgment has already been obtained [citation omitted] and from which the time to appeal has expired or the right of appeal has been exhausted" (*Matter of Hrouda v Winne, supra,* at 305). Petitioner never appealed from the prior order, and thus res judicata bars these proceedings.

Petitioner further contends that her children were not in privity with her in the prior proceedings and that, because a Law Guardian was not appointed to protect their interests in

that proceeding, the children are not bound by the determination therein. We reject that contention. "[P]rivity exists between mother and child in fully litigated previous paternity proceedings brought by the mother, in the absence of some showing that the child's interests may not have been fully represented in the earlier proceeding" (*Matter of Slocum v Joseph B.*, 183 AD2d 102, 107). Petitioner made no such showing. (Appeal from Order of Oneida County Family Court, Cook, J.—Paternity.) Present—Pigott, Jr., P. J., Hurlbutt, Kehoe and Lawton, JJ.