In the Matter of RASON S.B., Petitioner, v ALEXIS H., Respondent. (Proceeding No. 1.) In the Matter of JOHN M. ZENIR, on Behalf of SARRIAH H.-B., Respondent, v RASON S.B. et al., Respondents, and MARQUIS B., Also Known as MARQUIS H.B., Appellant. (Proceeding No. 2.) In the Matter of MARQUIS B., Also Known as MARQUIS H.B., Appellant, v ALEXIS H., Respondent. (Proceeding No. 3.). [955 NYS2d 628]—

The issue on this appeal is who should be legally recognized as the father of the subject child. Two persons claim to be the father: the appellant, Marquis B., also known as Marquis H.B., and Rason S.B. Following the birth of the subject child on January 16, 2005, the mother, Alexis H., and Rason S.B., signed an acknowledgment of paternity. According to the appellant's testimony at the hearing, he and the mother maintained a boyfriend-girlfriend relationship before the child's birth, but that relationship ended shortly after the child was born. Further, the appellant testified that he interacted with the child and introduced the child to his family. In February 2007, the appellant learned that he was the child's biological father. However, the evidence adduced at the hearing demonstrated

that the child spent most of her time with Rason S.B., who had assumed the role of father of the child.

In February 2009, the appellant and Rason S.B. met for the first time, and learned of their competing claims with respect to the child. Thereafter, the appellant commenced a proceeding pursuant to Family Court Act article 5 to establish his paternity of the child (Proceeding No. 3). In the order appealed from, the Family Court, after a hearing, inter alia, denied the paternity petition based upon equitable estoppel, dismissed that proceeding, and dismissed a related visitation proceeding (Proceeding No. 2).

The Family Court properly applied the doctrine of equitable estoppel (*see* Family Ct Act § 532 [a]) to preclude the appellant from asserting his paternity claim with respect to the subject child. The paramount concern in applying equitable estoppel in paternity cases is the best interests of the child (*see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 5 [2010]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]), not the equities between the adult parties (*see Matter of Shondel J. v Mark D.*, 7 NY3d at 330; *Marilyn C.Y. v Mark N.Y.*, 64 AD3d 645, 646 [2009]). Although the mother concealed from the appellant the role that Rason S.B. occupied in the child's life, during the period in which the appellant delayed in asserting his paternity claim, the child developed a close relationship with Rason S.B. The Family Court correctly determined that the application of equitable estoppel served the best interests of the child by preserving her close relationship with Rason S.B., whom she identified as her father. We note that the position of the attorney for the child, urging affirmance of the Family Court's determination, is supported by the record.

The appellant's remaining contentions are without merit (*see* Domestic Relations Law § 70; *Debra H. v Janice R.*, 14 NY3d 576, 595-596 [2010], *cert denied* 562 US —, 131 S Ct 908 [2011]). Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.