■ In the Matter of Thomas T., Appellant, v Luba R. et al., Respondents. [49 NYS3d 507]—

Appeal by the petitioner from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated January 11, 2016. The order, after a hearing, dismissed the petition seeking to declare the petitioner the father of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Fam-

ily Court Act article 5 to establish his paternity with respect to the subject child. After a hearing, the Family Court determined that the petitioner was equitably estopped from claiming paternity with respect to the child and thereupon dismissed the petition. The petitioner appeals.

"The purpose of equitable estoppel 'is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought and who, while justifiably relying on the opposing party's actions, has been misled into a detrimental change of position' " (*Matter of Derrick H. v Martha J.*, 82 AD3d 1236, 1238 [2011], quoting *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]). "[T]he doctrine has been used to prevent a biological father from asserting paternity rights when it would be detrimental to the child's interests to disrupt the child's close relationship with another father figure" (*Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 6 [2010]). "The doctrine in this way protects the status interests of a child in an already recognized and operative parent-child relationship" (*Matter of Felix M. v Leonarda R.C.*, 118 AD3d 886, 886 [2014] [internal quotation marks omitted]). "[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child" (*Matter of Shondel J. v Mark D.*, 7 NY3d at 330). Thus, the doctrine of equitable estoppel will be applied only where its use furthers the best interests of the child (*see Matter of Charles v Charles*, 296 AD2d 547, 549 [2002]).

The Family Court properly applied the doctrine of equitable estoppel to preclude the petitioner from asserting his paternity claim with respect to the subject child. The evidence at a hearing established that the respondent Gaston R. has established a strong father-daughter relationship with the child. The child has referred to Gaston R. as "daddy" since she was 18 months old and continues to view him as the only father figure in her life. In contrast, the petitioner learned, shortly after the child's birth, that he was the child's biological father. Nevertheless, he did not commence the instant paternity proceeding until the child was four years old. The petitioner has not had a parent-child relationship with the child for several years, and the child no longer recognizes the petitioner's name. Under these circumstances, the court properly determined that it was in the child's best interests to equitably estop the petitioner from asserting his paternity claim (*see Matter of Richard A.M. v Alejandra H.*, 123 AD3d 1129, 1129-1130 [2014]; *Matter of Rason S.B. v Alexis H.*, 101 AD3d 710, 711 [2012]; *Matter of Antonio H. v Angelic W.*, 51 AD3d 1022, 1023 [2008]; *Matter of Greg S. v Keri C.*, 38 AD3d 905, 905 [2007]).

Contrary to the petitioner's contention, this Court's determination on a prior appeal, which, inter alia, reinstated his paternity petition, did not preclude the Family Court from considering the doctrine of equitable estoppel upon remittal (*see Matter of Thomas T. [Luba R.]*, 121 AD3d 800 [2014]). Moreover, the petitioner's contention that application of the doctrine of equitable estoppel was barred by the doctrine of unclean hands is without merit (*see Matter of Shondel J. v Mark D.*, 7 NY3d at 330; *Matter of Felix O. v Janette M.*, 89 AD3d 1089, 1090 [2011]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.