Matter of Cheryl P. (2019 NY Slip Op 06497)





Matter of P.


2019 NY Slip Op 06497


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08033
 (Docket No. D-652-18)

[*1]In the Matter of Cheryl P. (Anonymous), appellant.


Andrew W. Szczesniak, White Plains, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Sandra P. Williams of counsel), for respondent.



DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Cheryl P. appeals from an order of disposition of the Family Court, Orange County (Christine P. Krahulik, J.), entered June 6, 2018. The order of disposition, inter alia, adjudicated Cheryl P. a juvenile delinquent and, upon her consent, placed her on probation for a period of two years. The appeal brings up for review (1) an order of fact-finding of the Family Court, Ulster County (Keri E. Savona, J.), dated October 30, 2017, which, upon Cheryl P.'s purported admission, found that she committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (Penal Law § 145.00[3]), (2) an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated February 22, 2018, which, in effect, upon the granting of Cheryl P.'s application to vacate her admission, restored the matter to the calendar and transferred the proceeding to the Family Court, Ulster County, and (3) an order denominated as an order for change of venue (post-fact-finding hearing) of the Family Court, Ulster County (Keri E. Savona, J.), dated February 23, 2018, purporting to set aside the order of the Family Court, Orange County, dated February 22, 2018, and, in effect, reinstating Cheryl P.'s admission and transferring the proceeding to the Family Court, Orange County, for disposition.
ORDERED that the order of disposition is reversed, on the law, without costs or disbursements, the order of fact-finding of the Family Court, Ulster County, dated October 30, 2017, the order of the Family Court, Orange County, dated February 22, 2018, and the order for change of venue (post-fact-finding hearing) of the Family Court, Ulster County, dated February 23, 2018, are vacated, and the petition is dismissed.
In June 2017, a juvenile delinquency petition (hereinafter the petition) was filed in the Family Court, Ulster County, alleging that, in March 2017, the appellant, a minor, committed an act which, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (Penal Law § 145.00[3]). The petition alleged that the appellant punched and broke a window at a location in Esopus, Ulster County. At the time of the incident, the appellant was in the custody of the Orange County Department of Social Services (hereinafter DSS). Although the petition charged the appellant with violating Penal Law § 145.00(3), which includes the elements of reckless conduct and damage to property exceeding $250, the petition recites the intentional conduct language of Penal Law § 145.00(1).
After several court proceedings in the Family Court, Ulster County, at which the appellant did not appear, at the October 30 proceeding, the appellant appeared by telephone; the attorney for the appellant was present in court, as was the attorney for the Ulster County Attorney's Office. At that proceeding, no one from DSS appeared and the appellant's mother was not present in court. At that time, the court informed the appellant of her rights and, thereafter, the appellant admitted that she punched a window, causing it to break. The appellant also testified that she did not intend to break the window, that she did not think it would break, and that she did not think she had hit it that hard.
Thereafter, the Family Court, in an order of fact-finding dated October 30, 2017 (hereinafter the October 30 fact-finding order), determined that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree (Penal Law § 145.00[3]), and transferred the proceeding to the Family Court, Orange County, for disposition. At the proceeding before the Family Court, Orange County, upon the appellant's application, in an order dated February 22, 2018, the court purported to vacate the appellant's admission, restored the matter to the calendar, and transferred the proceeding back to the Family Court, Ulster County, for a fact-finding hearing (hereinafter the Orange County February 2018 order). The next day, in an order denominated an order for change of venue (post-fact-finding hearing), dated February 23, 2018 (hereinafter the Ulster County February 2018 order), the Family Court, Ulster County, purported to set aside the Orange County February 2018 order; however, the court considered an oral application by counsel for the appellant to vacate the admission, but elicited no additional testimony or evidence. The court then denied the appellant's application to vacate her admission and, in effect, reinstated the admission, and again transferred the proceeding to the Family Court, Orange County, for disposition.
Thereafter, in the order of disposition appealed from, upon the appellant's purported admission made at the proceeding in the Family Court, Ulster County, on October 30, 2017 (hereinafter the October 30 proceeding), the Family Court, Orange County, adjudicated the appellant a juvenile delinquent and, upon her consent, placed her on probation for a period of two years. The appellant appeals, and we reverse.
Although the Family Court, Orange County, had no authority to vacate the appellant's admission that she made at the October 30 proceeding in the Family Court, Ulster County (see e.g. Hrouda v Winne, 77 AD2d 62, 64-65; Empire Mut. Ins. Co. v West, 22 AD2d 938, 938), the Family Court, Ulster County, likewise was without authority to "set aside" the Orange County February 2018 order which purported to vacate the appellant's admission (see e.g. Hrouda v Winne, 77 AD2d at 64-65; Empire Mut. Ins. Co. v West, 22 AD2d at 938). As a result, each of these orders must be vacated (see Hrouda v Winne, 77 AD2d at 64-65; Empire Mut. Ins. Co. v West, 22 AD2d at 938).
Irrespective of the procedural irregularities of the matter, we agree with the appellant's contention that her admission was improperly obtained and accepted by the Family Court, Ulster County. Specifically, the appellant's admission taken at the October 30 proceeding was legally defective and the October 30 order of fact-finding must be vacated. Although the Family Court, Ulster County, advised the appellant of her rights prior to accepting an admission, the court failed to obtain an allocution from a parent or a person legally responsible for the appellant with regard to their understanding of any rights the appellant may be waiving as a result of her admission (see Family Ct Act § 321.3[1]; Matter of Nikim M., 144 AD3d 424, 424-425; Matter of Alexander B., 126 AD3d 533, 534). The appellant appeared telephonically even though there is no provision under article 3 of the Family Court Act authorizing the appearance by telephone of a minor in a juvenile delinquency proceeding, and the only persons in court that day were the appellant's attorney and the attorney representing the Ulster County Attorney's Office.
Moreover, even if the procedure of accepting an admission by the appellant via telephone was appropriate, the determination of the Family Court, Ulster County, in its February 2018 order, made several months after the October 30 proceeding, that "reasonable and substantial effort[s]" had been made to notify the parent about that October 30 proceeding, was not supported [*2]by the record (see Family Ct Act § 341.2[3]; Matter of Delfin A., 123 AD3d 318, 319). Although the October 30 fact-finding order indicates that notice of the proceeding was sent to the appellant's mother, the court did not elicit at the October 30 proceeding the whereabouts of the mother or whether the mother may have been present with the appellant who appeared telephonically, nor did the court inquire as to whether the appellant may have again been in the custody of DSS at the time of the proceeding. Since the provisions of Family Court Act § 321.3 may not be waived, and the record does not support the determination of the court that a "reasonable and substantial effort" was made to notify the appellant's mother or guardian about the October 30 proceeding, the October 30 fact-finding order must be vacated (see Matter of Delfin A., 123 AD3d at 319; Matter of Alexander B., 126 AD3d at 534).
Further, the plea allocution also failed to comport with the sufficiency requirements of Family Court Act § 321.3(1), which mandates that the court ascertain through allocution of the appellant that she "committed the act or acts to which [s]he is entering an admission" (see Matter of John R., 71 AD2d 896). The appellant's allocution to breaking a window failed to establish the elements of criminal mischief in the fourth degree under subdivision 3 of Penal Law § 145.00, which requires evidence that the appellant "[r]ecklessly damage[d] property of another person in an amount exceeding two hundred and fifty dollars" (see Matter of John B., 261 AD2d 471, 472). The petition did not allege any monetary amount as to the cost of the damage to the window, and no evidence as to the value of the window was adduced at the proceeding (see id. at 472; see generally People v Lopez, 79 NY2d 402, 404-405). In fact, the invoice attached to the petition indicates that the cost of replacing the window, including labor, totaled $225, an amount less than the requisite jurisdictional predicate.
Even if the petition was liberally construed to have charged the appellant with the intentional conduct subdivision of criminal mischief, Penal Law § 145.00(1), rather than the subdivision that was charged, which pertains to reckless conduct (see Penal Law § 145.00[3]), dismissal of the petition is warranted (see Matter of George L., 173 AD2d 470, 471). The appellant's allocution to breaking the window failed to show that she intentionally broke the window (see Matter of Kim F., 109 AD2d 706, 708).
Although the appellant waived her right to a dispositional hearing and consented to the disposition of two years of probation (see Matter of Cristian C., 104 AD3d 941, 942; Matter of Shaheen P.J., 29 AD3d 996, 997), since the term of probation is predicated upon the erroneous adjudication of the appellant as a juvenile delinquent, and, as noted herein, the adjudication must be vacated and the petition dismissed, that disposition also must be reversed.
Accordingly, we reverse the order of disposition, vacate the October 30 fact-finding order and the orders that are brought up for review on this appeal, and dismiss the petition (see e.g. Matter of Jerry YY., 309 AD2d 1033, 1033).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court