London v 107 (160) Realty, LLC (2020 NY Slip Op 05195)





London v 107 (160) Realty, LLC


2020 NY Slip Op 05195


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-04827
 (Index No. 612659/17)

[*1]Christopher London, appellant, 
v
107 (160) Realty, LLC, et al., respondents, et al., defendants.


Kaston & Aberle, LLP, Mineola, NY (Richard M. Aberle of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Joel M. Simon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 4, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants 107 (160) Realty, LLC, and Orion Investments Group, LLC, which was pursuant to CPLR 5015(a)(4) to vacate an order of the Supreme Court, New York County (Gerald Lebovits, J.), dated June 15, 2017, granting the plaintiff's unopposed motion for leave to enter a judgment against the defendant 107 (160) Realty, LLC, upon its failure to appear or answer the complaint.
ORDERED that the order entered March 4, 2019, is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants 107 (160) Realty, LLC, and Orion Investments Group, LLC, which was pursuant to CPLR 5015(a)(4) to vacate the order dated June 15, 2017, is denied.
On August 22, 2015, the plaintiff allegedly was injured when he tripped and fell on premises owned by the defendant 107 (160) Realty, LLC (hereinafter Realty), and managed by the defendant Orion Investments Group, LLC (hereinafter Orion), on East 107th Street in Manhattan. In October 2016, the plaintiff commenced this action to recover damages for personal injuries in the Supreme Court, New York County. Realty failed to appear or answer. By order dated June 14, 2017, the Supreme Court, New York County, granted Orion's motion to change the venue of the action from New York County to Nassau County. By order dated June 15, 2017, the Supreme Court, New York County, granted the plaintiff's motion for leave to enter a judgment on the issue of liability against Realty, upon its failure to appear or answer the complaint (hereinafter the New York County default order). More than a year later, Realty and Orion (hereinafter together the defendants) filed a notice of motion dated October 3, 2018, in the Supreme Court, Nassau County, to vacate the New York County default order pursuant to CPLR 5015(a)(1) and (4). The Supreme Court, Nassau County, granted that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the New York County default order based on lack of subject matter jurisdiction. The plaintiff appeals.
The Supreme Court, Nassau County, had no authority to vacate the order of the Supreme Court, New York County (see Matter of Cheryl P., 175 AD3d 1298, 1300; Hrouda v [*2]Winne, 77 AD2d 62, 64-65; Empire Mut. Ins. Co. v West, 22 AD2d 938, 938). A motion to vacate an order must be addressed to the court that made the order (see CPLR 5015[a]), and no court other than the one that rendered the order may entertain a motion to vacate it (see Hrouda v Winne, 77 AD2d at 64-65; Brenner v Arterial Plaza, 29 AD2d 815, 816). In any event, contrary to the defendants' contention, the Supreme Court, New York County, did not lack subject matter jurisdiction to issue the New York County default order one day after its order granting a change of venue to Nassau County, since the "Supreme Court is a court possessing State-wide jurisdiction and is competent to entertain a motion no matter where the underlying action is pending" (Matter of Grune v Grenis, 171 AD2d 1070, 1071; see Pike Co., Inc. v County of Albany, 75 AD3d 983, 985; Matter of Travelers Indem. Co. of Ill. v Nnamani, 286 AD2d 769, 770).
Accordingly, we disagree with the determination granting that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the New York County default order.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court