Matter of Jemelle S. v Latina P. (2023 NY Slip Op 00871)

Matter of Jemelle S. v Latina P.

2023 NY Slip Op 00871

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2022-04712
 (Docket No. P-32099-18)

[*1]In the Matter of Jemelle S. (Anonymous), appellant,
v
Latina P. (Anonymous), respondent.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Richard L. Herzfeld, New York, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Chanel Smith, and Riti P. Singh of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Kings County (Jacqueline B. Deane, J.), dated May 26, 2022. The order, after a hearing, dismissed the petition to establish paternity.
ORDERED that the order is affirmed, without costs or disbursements.
In 2018, the petitioner commenced this proceeding against Latina P. (hereinafter the mother) to establish his paternity of the subject child, who was born in 2011. The mother was never married, but around the time of the child's birth, she began a relationship with nonparty Christopher S., with whom she subsequently had two additional children. After a hearing, the Family Court determined that the petitioner was equitably estopped from asserting his paternity of the child on the ground, inter alia, that he had acquiesced to the development of a parent-child bond between the child and Christopher S., and dismissed the petition. The petitioner appeals.
"The purpose of equitable estoppel is to preclude a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326). The doctrine may be used to "preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man. The rationale is that the child would be harmed by a determination that someone else is the biological father" (id. at 326; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6; Matter of Thomas T. v Luba R., 148 AD3d 912, 913). "'The paramount concern in applying equitable estoppel in paternity cases is the best interests of the subject child'" (Matter of Felix O. v Janette M., 89 AD3d 1089, 1090, quoting Matter of Smythe v Worley, 72 AD3d 977, 978). "The hearing court's findings which are based upon a first-hand assessment of the witnesses are entitled to great deference on appeal" (Vito L. v Filomena L., 172 AD2d 648, 651; see Matter of Nathalie N. v Jerome W., 29 AD3d 912, 912).
Here, the evidence at the hearing demonstrated that, although the mother had told the [*2]petitioner that he was the father of the child prior to the child's birth, he has been an inconsistent and unreliable presence in the child's life and had not visited the child since she was approximately six years old. By contrast, the evidence demonstrated that Christopher S., the father of the child's half-siblings, had assumed a parental role toward the child since the time of her birth, including providing her with emotional and financial support, and that he exercised regular visitation with the child after she was removed from the mother's care by the Administration for Children's Services. In addition, the child considered Christopher S. to be her "daddy" despite knowing that he was not her biological father. Under these circumstances, the Family Court properly determined that the child had developed a close father-child relationship with Christopher S., and that it was in the child's best interests to equitably estop the petitioner from asserting his paternity claim (see Matter of Bernard S. v Vanessa A.F., 160 AD3d 750; Matter of Thomas T. v Luba R., 148 AD3d at 913).
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court