Matter of Yaseen S. v Oksana F. (2023 NY Slip Op 01517)

Matter of Yaseen S. v Oksana F.

2023 NY Slip Op 01517

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2019-13278
 (Docket Nos. P-16636-15, P-11077-16, V-8000-18)

[*1]In the Matter of Yaseen S. (Anonymous), appellant,
v
Oksana F. (Anonymous), respondent. (Proceeding Nos. 1 & 2)
In the Matter of Children's Law Center, etc., petitioner-respondent, 
v Oksana F. (Anonymous), respondent-respondent, Yaseen S. (Anonymous), appellant, et al., respondents. (Proceeding No. 3)

Anna Stern, Brooklyn, NY, for appellant.
Olga Suslova, Brooklyn, NY, for respondent in Proceeding Nos. 1 & 2 and respondent-respondent in Proceeding No. 3.
Janet Neustaetter, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 5 and 6, Yaseen S. appeals from an order of the Family Court, Richmond County (Sharon A. B. Clarke, J.), dated October 25, 2019. The order, after a hearing, denied his paternity petition and his petition for visitation with the subject child, and granted the petition of the attorney for the child to adjudicate Yuriy K. to be the father of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
Yaseen S. commenced a proceeding pursuant to Family Court Act article 5 to establish his paternity with respect to the subject child, and a related proceeding pursuant to Family Court Act article 6 for visitation with the child. The attorney for the child commenced a proceeding on behalf of the child to adjudicate a man named Yuriy K. to be the father of the child. After a hearing, the Family Court, upon determining that Yaseen S. was equitably estopped from claiming paternity, denied Yaseen S.'s petitions and granted the attorney for the child's petition. Yaseen S. appeals.
"The purpose of equitable estoppel is to preclude a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326). The doctrine of equitable estoppel may "preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (id. at 327). "'The doctrine in this way protects the status interests of a child in an already recognized and operative parent-child [*2]relationship'" (Matter of Felix M. v Leonarda R.C., 118 AD3d 886, 886, quoting Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [internal quotation marks omitted]), and has been applied "[i]n situations where an individual has assumed the role of a father and where the petitioner putative father has neglected to assume such a role" (Matter of Felix O. v Janette M., 89 AD3d 1089, 1090 [internal quotation marks omitted]). "[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child" (Matter of Thomas T. v Luba R., 148 AD3d 912, 913 [internal quotation marks omitted]).
Here, the Family Court properly applied the doctrine of equitable estoppel to preclude Yaseen S. from asserting his paternity claim with respect to the subject child, who was born in 2008. The evidence at the hearing established that Yaseen S.'s name was on the child's birth certificate and that Yaseen S. lived with the mother and the child until 2011. However, Yaseen S. has not had a parent-child relationship with the child since that time. Yaseen S. testified that he was aware that in 2012 the mother married Yuriy K., and the evidence at the hearing demonstrated that Yuriy K. has established a strong father-daughter relationship with the child. The mother, Yuriy K., and the child have lived together since 2011. The child, who is now 15 years old, has referred to Yuriy K. as "daddy" or "papa" since she was 3 or 4 years old, and continues to view him as the only father figure in her life. In contrast, Yaseen S. did not commence the instant paternity proceeding until the child was 7 years old, and not until after Yuriy K. filed a petition to adopt the child. Under these circumstances, the court properly determined that it was in the child's best interests to preclude Yaseen S. from asserting his paternity claim (see Matter of Richard A.M. v Alejandra H., 123 AD3d 1129, 1129-1130).
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court