Matter of Eddie G. v Gisbelle C. (2023 NY Slip Op 05499)

Matter of Eddie G. v Gisbelle C.

2023 NY Slip Op 05499

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-06912
 (Docket No. P-1300-22)

[*1]In the Matter of Eddie G. (Anonymous), appellant,
v
Gisbelle C. (Anonymous), respondent.

Cedeno Law Group, PLLC, New York, NY (Anna Feldberg of counsel), for appellant.
Devon M. Radlin, New York, NY, for respondent.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, the petitioner appeals from an order of the Family Court, Westchester County (Wayne A. Humphrey, J.), dated August 9, 2022. The order, after a hearing, in effect, denied the petition to adjudicate the petitioner the father of the subject child and dismissed the proceeding to establish paternity.
ORDERED that the order is affirmed, without costs or disbursements.
In 2022, the petitioner commenced this proceeding against Gisbelle C. (hereinafter the mother) to establish his paternity of the subject child, who was born in 2014. The petitioner moved to the Dominican Republic around the time the child was born and did not return to New York until 2019. During that time, the mother married nonparty Christopher C. After a hearing, the Family Court determined that the petitioner was equitably estopped from asserting his paternity and, in effect, denied the petition. The petitioner appeals.
"The doctrine of equitable estoppel may 'preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man'" (Matter of Yaseen S. v Oksana F., 214 AD3d 883, 884, quoting Matter of Shondel J. v Mark D., 7 NY3d 320, 327). "While the parties in a paternity proceeding generally have the right to a genetic marker test or DNA test, no such test shall be ordered where the Family Court makes a written finding that it is not in the best interests of the child on the basis of, among other grounds, equitable estoppel" (Matter of Bernard S. v Vanessa A.F., 160 AD3d 750, 751; see Family Ct Act § 532[a]). "'[T]he doctrine has been used to prevent a biological father from asserting paternity rights when it would be detrimental to the child's interests to disrupt the child's close relationship with another father figure'" (Matter of D.S.S. v Timothy C., 114 AD3d 860, 861, quoting Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6). "'[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child'" (Matter of Yaseen S. v Oksana F., 214 AD3d at 884, quoting Matter of Thomas T. v Luba R., 148 AD3d 912, 913). "'The hearing court's findings which are based upon a first-hand assessment of the witnesses are entitled to great deference on appeal'" (see Matter of Jemelle S. v Latina P., 213 AD3d 856, 857, quoting Vito L. v Filomena L., 172 AD2d 648, 651).
Here, the evidence at the hearing demonstrated that the petitioner spent time with the child for only five days when the mother brought the child to the Dominican Republic in 2014 when the child was two months old. The only other contact that the petitioner had with the child was through a video call when the child was three years old. By contrast, the evidence demonstrated that Christopher C. had assumed a parental role toward the child and that the child believed Christopher C. to be his father. Accordingly, the Family Court properly determined that it was in the child's best interests to equitably estop the petitioner from asserting his paternity claim (see Matter of Jemelle S. v Latina P., 213 AD3d at 857; Matter of Thomas T. v Luba R., 148 AD3d at 913).
DILLON, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court